Shauck:, C. J.
The circuit court did not state its conclusions of fact separately from its conclusions *164 of law, and it is not onr duty to consider conflicting evidence for the purpose of determining its probative value. The case we are to consider is, therefore, to be taken as favorably to the defendants as is justified by admitted allegations of the pleadings and any substantial evidence supporting their averments where issues of fact are joined. Thus stated the material facts are:
Plaintiff is the owner of forty-eight acres of land upon which for about thirty-five years it has maintained and operated a blast furnace for the manufacture of pig iron. Upon the premises are dwelling-houses used as habitations of employes and their families. The residue of the land is devoted to pasturage. A part of the equipment of the furnace consists of fourteen boilers used for the generation of steam consuming for that purpose 200,000 gallons of water daily. This water since the erection of the furnace has been procured from the Cherry Fork of Beaver Creek which runs through the company’s land, the water, in its natural state, being nearly free from impurities, and suitable for the generation of steam. The defendants had prospected for and found a valuable bed of petroleum near the source of Cherry Fork, and above the property of the iron company, which they had commenced to operate in the usual way, and without negligence, by pumping the oil and the salt water with which it is always commingled in the Ohio field into tanks, permitting the oil to rise to the surface, and drawing the salt water from beneath it, thé water finding its way by gravity to the stream. No other mode of operating for petroleum is known. The extent to which the water of the stream is charged with salt when it reaches the property of the plaintiff varies with the *165 stage of the water in the stream, but it is at all ordinary stages sufficient to increase the foaming of the water in the boilers when heated, to raise its boiling point, to increase the demand for fuel for the generation of steam and to diminish perceptibly the efficiency of the furnace. It is practicable for the plaintiff to obtain water for the furnace at other and convenient sources at a moderate and ascertainable expense, and the addition of a small amount of oil to the water of the stream after it receives the water of the oil wells of the defendants would materially diminish the foaming and lower its boiling point.
It is impossible for the defendants to develop the mineral resources of the land without doing all the things <with which they are charged.
'■ The single question for. our determination is whether, upon such a state of facts, a court of equity should perpetually enjoin the prosecution of the enterprise of the defendants in view of the injury which it unavoidably inflicts upon the plaintiff. In the affirmative it is urged that in the development of the resources of their land the defendants, in violation of the plaintiff’s constitutional rights, are taking its property for a private use and without compensation. Some highly figurative uses of the phrase, taking of property, tend to mislead the mind as to its true meaning. Here is no attempt to assert dominion over the property of the plaintiff or to exclude it from possession. It .is truthfully said that in the present action the plaintiff is asserting a property right, but it is a property right incident to the ownership of the soil. The parties to the action are riparian proprietors upon the same stream. Neither is the owner of the water, or any portion of the water, in *166 the stream. The complaint is, not that the defendants are taking the property of the plaintiff, bnt that exceeding their rights as riparian owners, they are making a nse of the stream which abridges the rights of the plaintiff to its injury. In its nature the plaintiff’s action is for the creation and maintenance of a nuisance. That an injury to a property right of this character cannot be legalized by the legislature does not affect the form of relief which should be awarded on account of an invasion of the right. The protection of rights in property is the purpose for which courts of equity most frequently exercise their jurisdiction, and it is with reference to the protection of such rights that the familiar rule is usually stated and applied, that equity will intervene only when legal remedies are inadequate. Within this limitation a court of equity will enjoin a continuous or recurring nuisance when it is of such a nature that there can be no complete and adequate redress at law, and it should be conceded that to the adequacy of the legal remedy it is essential that the case be of such a nature that full indemnity may be recovered without a multiplicity of suits. It is said, and truly, that the equitable remedy of injunction is now more favored than formerly, but this means only that the propriety of the remedy is more appreciated and that courts of equity are more insistent that the legal remedy shall be in all respects adequate to justify the refusal of the injunction upon that ground. It does not mean that courts of equity have forgotten that they áre administering a supplemental system, designed and administered for the purpose of supplying the deficiencies of the law, or that this limitation upon their jurisdiction is immutably fixed by that purpose. Separate analysis of the numerous *167 cases cited by counsel for tbe plaintiff and considered in our examination is not practicable. . Most of them are distinguished by obvious differences in the facts of the cases, or in the remedy sought. This js not an action for damages. The defendants are conducting a lawful business with care. They are conducting it at the only place where it can be conducted. Such injury as is done to the plaintiff is unavoidable. No injury to the health of the public or the employes of the plaintiff results. If the conduct of the defendants is without right, and a more appropriate rule of damages should not be suggested in an action at law, the recovery of a sum of money sufficient to pay the expense of obtaining water from another source would fully indemnify the plaintiff and relieve it of further injury without additional litigation. Cases which take no account of considerations such as these are not in harmony with the beneficient purposes for which the system of equity was established.
There is no such thing as an equitable nuisance. If the plaintiff bas no cause of action at law in tbe present case it can have none in equity, and the jurisdiction of the courts of equity must be determined by the usual test respecting the adequacy of the legal remedy. That nuisances áre frequently enjoined results from the fact that they are frequently, if not usually, of such a nature as to present one of the recognized grounds of equitable jurisdiction, that is, that the injury is irreparable by the processes of the law or that a multiplicity of suits would be required at law to obtain redress.
The case does not require us to consider whether the plaintiff may recover at law, or whether in a case otherwise within the grounds of this form of relief, *168 an injunction should be denied because less injury would result to the plaintiff from denying than to the defendant from allowing it.

Judgment affirmed.

Price, Crew, Summers, Spear and Davis, JJ., concur.